**WINSLOW,** *plaintiff in error v.* **PRINCE,** *original plaintiff.*

The provision of *Stat.* 1821, *ch.* 164, *sec.* 46, exempting the clerk of a militia company from the payment of costs to the defendant in any suit where the captain has indorsed on the writ his approval of the prosecution, extends to the costs in all subsequent stages of the proceedings, as well as to those accruing in the Justice's court.

THIS was a suit brought before a justice of the peace, by *Prince,* as the clerk of a militia company, to recover a fine for neglect of appearance at training. The defence was that *Winslow* was permanently unable to do military duty, and so not liable to be enrolled. But the justice overruled this defence, because it was not offered to

Winslow *v.* Prince.

the captain, as an excuse, within eight days. Hereupon the defendant brought a writ of error, and the judgment was reversed without argument, and a new trial ordered at the bar of this court; which was had at the last *November* term, and a verdict was returned for *Winslow*, the plaintiff in error.

It did not appear on the record, nor on the copies sent up by the magistrate, that the captain had ever indorsed on the writ his approval of the suit, so as to exempt the clerk from the payment of costs, pursuant to the statute; whereupon the plaintiff in error claimed his costs as the party prevailing. But upon a suggestion of diminution in the record, the original writ was brought up, with the captain's approval indorsed, accompanied with his affidavit, and those of the magistrate and the constable, that the indorsement was made before the writ was served; and the record was amended accordingly.

The plaintiff in error still claimed his costs, contending that the exemption in the statute applied only to suits before justices of the peace, and while they were there pending. The justice's court being the forum alluded to in all cases where the clerk was concerned, the clause respecting costs must be taken with reference to such suits, especially as the right of appeal was expressly taken away.

But THE COURT did not sustain the claim, observing that the provision in the statute was general and unqualified, extending to all the costs in every suit where the condition was complied with; and that as the action tried at the bar of this court, after the reversal of the former judgment, was the same which had been tried before the justice, the exemption attached itself to it as well in one stage as in another.

*Greenleaf*, for the plaintiff in error.

*Fessenden* and *Deblois*, for the defendant in error.